IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SUNBELT RENTALS, INC.**                                                   **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:20cv303-LG-RPM**

**PARISH CORPORATION and**
**MARK A. PARISH**                                                **DEFENDANTS**

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is the [9] Motion for Default Judgment filed by the Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt"). The Motion asserts that Defendants, Parish Corporation ("Parish Corp.") and Mark A. Parish, defaulted upon and breached a commercial rental agreement and now owe the outstanding balance on Parish Corp.'s account, plus service charges, interest, and attorneys' fees. Having reviewed the Motion, supporting evidence, the record in this action, and applicable law, the Court is of the opinion that the Motion should be granted.

## BACKGROUND

Sunbelt filed this lawsuit on September 24, 2020. The Defendants were served on October 5, 2020, making their answers due October 26, 2020. When neither Defendant answered Sunbelt's Complaint, Sunbelt moved for a Clerk's Entry of Default on October 27, 2020. The Clerk entered default against Parish Corp. and Mark A. Parish, and, on November 25, 2020, Sunbelt filed the instant Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Sunbelt alleges that Mark A. Parish, President and Chief Executive Officer of Parish Corp., executed on Parish Corp.'s behalf an agreement to rent construction

equipment from Sunbelt. The equipment was rented for a commercial construction project in Biloxi, Mississippi, on property owned by Mark A. Parish. The terms of the agreement established an open account through which Parish Corp. could rent equipment from Sunbelt on credit pursuant to Sunbelt's "Terms and Agreement." (*See* App. for Credit & Rental Agreement, ECF No. 9-3). Under the terms, all unpaid invoices are subject to service charges of 1.5% per month. (*See id.* at 2). Further, Sunbelt reserved the right to bring legal action to collect past balances, in which Parish Corp., by executing the contract, agreed to pay all costs and expenses Sunbelt incurs, including reasonable attorneys' fees not to exceed "a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt." (*Id.*).

Parish Corp. began renting equipment in December 2019. Sunbelt claims that Parish Corp. has failed to pay the rental charges for the equipment. To collect on these past due amounts, Sunbelt filed a construction lien on Mark A. Parish's property in the chancery court of Harrison County, Mississippi, in accordance with Miss. Code Ann. §§ 85-7-403(1)(a) and 85-7-405(1)(b). (*See* Claim of Constr. Lien, ECF No. 9-7).

On September 24, 2020, Sunbelt filed this lawsuit, claiming that the principal amount due on Parish Corp.'s open account is $64,911.44. Sunbelt also seeks: accrued service charges of 1.5% from February 1, 2020, until November 19, 2020, in the amount to $7,757.04, including additional service charges that will continue to accrue until the principal amount is fully collected; prejudgment

interest at the rate of 8% from May 21, 2020, until November 19, 2020, in the amount of $2,604.09, and all interest that subsequently accrues through the date of the judgment; post-judgment interest as set forth under 28 U.S.C. § 1961(a); and reasonable and necessary attorneys' fees and costs, the amount which the Court will determine in response to Sunbelt's post-judgment motion under Fed. R. Civ. P. 54(d).

## DISCUSSION

Under Fed. R. Civ. P. 55(b)(2), a party may apply to the Court to enter a default judgment in an action where the defendants have failed to plead or otherwise defend, as in this action. The Court finds the Complaint's allegations are well-pleaded and should be accepted as true. *See LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14cv39-KS-MTP, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014) ("By his default, a defendant admits the well-pleaded allegations of fact in the complaint."). Furthermore, the Court has received a detailed affidavit and documentary evidence to substantiate the damages claimed from Parish Corp.'s default under the agreement. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Accordingly, Sunbelt will be awarded damages for the principal amount due of $64,911.44, and the accrued service charges of 1.5% per month from February 1, 2020, until November 19, 2020, in the amount of $7,757.04, and additional service charges that will continue to accrue until the principal amount is paid in full. (*See* App. for Credit & Rental Agreement, ECF No. 9-3; *see also* Invoices, ECF No. 1-4; Invoice Summary, ECF No. 1-6). The Court also finds that post-judgment interest is

available at the current prescribed federal rate from the date of judgment until paid in full.  *See* 28 U.S.C. § 1961(a).

Sunbelt also seeks prejudgment interest at the rate of 8% annually from the time of the most recent invoice until the date of payment or the date of judgment, whichever comes first.  However, the record reflects that the parties did not expressly contract for a rate of interest.  In diversity cases such as this, "state law controls the award of interest." *SNH Med. Off. Props. Tr. v. S. Neurologic & Spinal Inst., PA*, No. 2:19-cv-83, 2019 WL 6135051, at *1 (S.D. Miss. Nov. 19, 2019) (citing *TLS Mgmt. & Mktg. Servs., LLC v. Mardis Fin. Serv., Inc.*, 3:14-cv-881, 2018 WL 3698919, at *10 (S.D. Miss. Aug. 3,2018).  Under Mississippi law, prejudgment interest is available when damages are liquidated, as the damages are in this case.  *See Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So.2d 1100, 1117 (Miss. 2007).  To determine the applicable interest rate, federal courts generally rely on Miss. Code Ann. § 75-17-1, which states that "[t]he legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method."  Here, Sunbelt seeks prejudgment interest from the most recent invoice, dated May 21, 2020, through November 19, 2020, at a rate of $14.23 per day, totaling $2,604.09, including any such interest that may accrue up to the date of entry of judgment.  The Court finds that the 8% prejudgment interest rate is appropriate.

Finally, Sunbelt seeks to recover its costs and attorneys' fees as provided under the contract.  It asks the Court to hold Parish Corp. liable for Sunbelt's

reasonable and necessary attorneys' fees and costs as part of the default judgment. Once entered, Sunbelt intends to file a post-judgment motion under Fed. R. Civ. P. 54(d) for the Court to determine the reasonableness and necessity of Sunbelt's attorneys' fees and costs. As such, Sunbelt is directed to file a separate motion for fees, which should be supported by adequate documentation so that this Court can make required determinations regarding the reasonableness of the fees sought.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion for Default Judgment filed by the Plaintiff, Sunbelt Rentals, Inc., is **GRANTED**. Sunbelt is awarded damages in the amount of $64,911.44; accrued service charges of 1.5% from February 1, 2020, until November 19, 2020, in the amount of $7,757.04, and any additional service charges that will continue to accrue until the principal amount is fully collected; prejudgment interest at a rate of 8% from May 21, 2020, until November 19, 2020, in the amount of $2,604.09, and all interest that subsequently accrues through the date of Judgment; and post-judgment interest at the currently prescribed federal rate from the date of Judgment until paid in full.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE