IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SUNBELT RENTALS, INC.**                                                                 **PLAINTIFF**

v.                                                                    CAUSE NO. 1:20CV303-LG-RPM

**PARISH CORPORATION**
**and MARK A. PARISH**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

**BEFORE THE COURT** is the [13] Motion for an Award of Attorneys' Fees and Expenses filed by the plaintiff, Sunbelt Rentals, Inc., after it was awarded a default judgment. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Sunbelt's Motion should be granted.

## BACKGROUND

Sunbelt rented construction equipment to the defendant Parish Corporation for a project located in Biloxi, Mississippi. Prior to renting equipment, Parish submitted a credit application to Sunbelt in order to obtain approval for an open account. The terms and conditions of the open account require Parish to pay all costs and expenses of collection, including but not limited to, reasonable attorneys' fees in an amount up to fifteen percent of the outstanding balance owing. (Compl. Ex. B., ECF No. 1-2). Each time the defendants rented equipment, they agreed to Sunbelt's Rental Terms and Conditions, which required the defendants "to pay all of Sunbelt's costs, including reasonable costs of collection, court costs, attorneys and legal fees" that Sunbelt incurs in collecting any outstanding balances. (Compl. Ex.

C, at ¶15, ECF No. 1-3). On February 1, 2020, the defendants' account became overdue. Sunbelt filed this lawsuit seeking to recover the overdue balance. The defendants did not answer the Complaint or otherwise appear. On December 17, 2020, the Court entered a Default Judgment in favor of Sunbelt, awarding "damages in the amount of $64,911.44 together with accrued service charges of 1.5% from February 1, 2020, until November 19, 2020, in the amount of $7,757.04, and any additional service charges that will continue to accrue until the principal amount is fully collected." (Default J., at 2, ECF No. 12). The Court also awarded pre- and post-judgment interest. Sunbelt now seeks an award of attorneys' fees and expenses under the terms of its rental agreements.

## DISCUSSION

### I. ATTORNEYS' FEES

Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees. *See Bank of La. v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542-43 (5th Cir. 2010) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). A contractual provision regarding the award of attorneys' fees must be enforced if its terms are clear and unambiguous. *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007).

Mississippi Rule of Professional Conduct 1.5 provides that "[a] lawyer's fee shall be reasonable." Miss. Rules of Prof'l Conduct R. 1.5(a). To determine reasonableness, Mississippi courts use "as a starting point the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate . . . ." *Tupelo Redev. Agency v.*

*Gray Corp., Inc.*, 972 So. 2d 495, 522 (Miss. 2007). This figure is referred to as the lodestar. *Id.* at 520. "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Id.* at 522. The factors to consider in determining the reasonableness of attorneys' fees include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Miss. R. of Prof'l Conduct 1.5(a). The *McKee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*Tupelo Redev. Agency*, 972 So. 2d at 521 (quoting *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982)).

Four attorneys and two paralegals from the firm Butler Snow performed work on behalf of Sunbelt in this lawsuit. James H. Bolin, who was the supervising attorney on the case, has approximately twenty-five years of experience. He billed 2.7 hours of work at an hourly rate of $350. Attorney Brian C. Kimball has approximately nineteen years of experience. He billed for 9.9 hours of work at an hourly rate of $405. Attorney Caroline B. Smith has approximately three years of experience. She billed $235 per

hour for one hour of work. Attorney Derek S. Rajavuori has approximately seven years of experience, and he bills at an hourly rate of $220. He performed 28.4 hours of work on behalf of Sunbelt. Paralegal Cindy Grantham billed 15.4 hours at an hourly rate of $215. Paralegal Erin Paul billed $210 per hour for one hour of work. These charges total $14,596.00. However, Butler Snow discounted these charges by $3,040.00 before submitting its invoices to Sunbelt. The total amount billed to Sunbelt was $11,557.00.

The Court has reviewed Butler Snow's invoices and finds that the billing entries are reasonable for the work performed. The hourly rate charged by Brian Kimball and the two paralegals is higher than that customarily charged in the Southern District of Mississippi. *See, e.g., Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *7-*9 (S.D. Miss. Dec. 21, 2011) (holding that $375 per hour was a reasonable rate for an attorney with over forty-one years of experience and rates ranging from $75 to $90 per hour were reasonable for paralegals). However, Butler Snow applied a $3,040.00 discount to Sunbelt's invoices, resulting in reasonable charges for the work performed. Therefore, the Court finds that the lodestar is $11,557.00.

Turning to the *McKee* factors and the Rule 1.5(a) of the Mississippi Rules of Professional Conduct, this case was very simple, and it would not have prevented the attorneys from accepting other cases. Sunbelt's attorneys obtained good results for Sunbelt by obtaining a default judgment on its behalf. All other relevant factors were addressed while calculating the lodestar. The Court finds there is no need to adjust the lodestar based on these reasonableness factors. Therefore, Sunbelt is entitled to recover $11,557.00 in attorneys' fees.

## II.  EXPENSES

Sunbelt also seeks $662.50 for expenses its attorneys incurred.  These expenses primarily consist of filing fees and payment of a process server.  The Court finds that these expenses are reasonable and recoverable pursuant to Sunbelt's rental agreements.  As a result, Sunbelt is entitled to $662.50 in expenses.

### CONCLUSION

For the foregoing reasons, Sunbelt is entitled to recover $11,557.00 in attorneys' fees and $662.50 in expenses.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that [13] Motion for an Award of Attorneys' Fees and Expenses filed by the plaintiff, Sunbelt Rentals, Inc., is **GRANTED**.  Sunbelt Rentals, Inc., is awarded $11,557.00 in attorneys' fees and $662.50 in expenses.

**SO ORDERED AND ADJUDGED** this the 15th day of February, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE